■ ROBERT MULLENS et al., Appellants, v. TOWN OF HEMPSTEAD et al., Respondents.— In an action for a judgment declaring (1) that a resolution (No. 2946–1969) adopted by defendant Town of Hempstead is unconstitutional and void and (2) that a building permit issued by the defendant Mayer, the Commissioner of the Department of Buildings of the Town of Hempstead, to defendants Scro and Brookville Acres, Inc. is void as being in violation of the ordinances of the Town of Hempstead, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered May 23, 1972, which granted a motion by defendants Scro and Brookville Acres, Inc. for summary judgment and a motion by defendants Mayer and Town of Hempstead to dismiss the complaint. Judgment modified, on the law, by adding a provision thereto declaring that resolution No. 2946–1969 adopted by defendant Town of Hempstead is constitutional and valid and that the building permit issued by defendant Mayer to defendants Scro and Brookville Acres, Inc. is valid. As so modified, judgment affirmed, without costs. The unconditional power to revoke the restrictions on the premises herein was given to defendant Town of Hempstead in the Declaration of Restrictions. Under these circumstances, plaintiffs, who are neighboring property owners, cannot successfully attack the town's legitimate exercise of that power (see *Leitman* v. *City of Yonkers,* 193 N. Y. S. 2d 967, affd. 10 A D 2d 950). Moreover, the issuance of the building permit by defendant Mayer, the Building Commissioner of the town, was predicated on his having judged the subject property as comprising two parcels, one a corner lot and the other an interior lot. (This judgment of the property was supported

at Special Term by the affidavit of the town's civil engineer, whose duties included the reviewing of surveys and site plans for the purpose of determining whether the physical layout conforms to the provisions of the Building Zone Ordinance.) Consequently, he determined that the portion of the subject premises abutting the premises of plaintiffs Mullens could be considered a side yard and did not violate the 10-foot rear yard setback requirement of the Building Zone Ordinance. Since that administrative determination had a rational basis, it should not be disturbed. Accordingly, in our opinion, Special Term correctly determined that no triable issue is presented which would justify a conclusion other than (1) that plaintiffs are not entitled to the declaratory relief sought by them, (2) that the resolution in question was constitutional and valid and (3) that the issuance of the permit was valid. However, since this was an action for a declaratory judgment, the complaint should not have been dismissed merely because plaintiffs were not entitled to the declaration sought by them. Special Term should have made a declaration of the rights of the parties with respect to the subject matter of the litigation (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334). The judgment is therefore modified hereby so as to provide for such declaration. Rabin, P. J., Hopkins, Martuscello, Shapiro, and Christ, JJ., concur.